Dear Mr. Wooden:
You have requested an opinion of this office concerning the propriety of selling property covered under the homestead exemption law for nonpayment of a fire protection district service charge. Also, if such an alternative is available, you inquired as to what procedures are appropriate for both redeeming and purchasing seized property.
R.S. 40:1502.6 authorizes Morehouse Parish Fire Protection Districts to levy service charges on property owners. It provides in relevant part the following:
A. The governing authority of any fire protection district situated wholly within the geographical boundaries of Morehouse Parish is hereby authorized to establish, by majority vote of the members of the authority, a service charge or rates of service charges to be assessed persons owning each residential or commercial structure, whether occupied or unoccupied, located wholly or partly within the boundaries of the fire protection district, subject to the provisions of Subsection B of this Section.
Your first question concerned reconciling this authority with the homestead exemption provision set forth in Article 7, Section 20 of the Louisiana Constitution of 1974. If such a charge may be imposed, you inquired as to whether an exemption from seizure and sale exists for homesteads failing to pay the charge. Section 20 provides in pertinent part the following:
(1) The bona fide homestead, . . . owned and occupied by any person, shall be exempt from state, parish, and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation. (Emphasis)
Ad valorem taxes are typically assessed on real estate but may likewise be levied against personal property. Black's Law Dictionary, 5th Ed. However, an ad valorem tax is based on valuation whereas specific fees or charges are those assessed as fixed sums. Id. The service charge in question is described in R.S. 40:1502.1 as follows:
Such service charges or rates of service charges shall be equal for all structures of a given class . . . (emphasis added)
It is the opinion of this office that the service charge is not a special ad valorem tax but rather a specific fee, and therefore should not be exempted by Article 7, Section 20 of the Louisiana Constitution. Moreover, in a recent opinion (Op. Atty. Gen. 91-357) this office concluded that authority exists for the seizure and sale of property for non-payment of fire protection district service charges.
R.S. 40:1502.6C grants such authority. It provides:
(1) The governing authority of any fire protection district assessing a service charge or rates of service charges for fire protection services as provided in this Section shall also have the authority to use any reasonable means to collect and enforce the collection of such service charges, including any means authorized by law for collection of taxes. (Emphasis supplied)
Moreover, the exemption from seizure and sale for homesteads is addressed in R.S. 20:1. While a bona fide homestead is generally exempted up to fifteen thousand dollars in value, there are exceptions set forth in R.S.20:1 C, providing in relevant part, the following:
C. This exemption shall not apply to the following debts:
(4) For taxes or assessments;
Consequently, the failure to pay the fire protection charge will subject homestead property to seizure and sale.
The method for handling the sale and redemption of property after non-payment of taxes or charges is set forth in Article 7, Section 25. It provides:
(A) Tax Sales. There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs' sales, in the manner provided for judicial sales. On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.
One purchasing property through a tax sale need only pay an amount equal to the tax obligation, plus any interest and associated costs. However, a redemption period allows a tax delinquent property owner to recover the property, thereby extinguishing the purchaser's rights. Article 7, Section 25 also provides the procedure for redeeming such property. It states:
The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption. (Emphasis added)
Consequently, the purchaser's only risk is that the property will be redeemed. Full reimbursement, including interest must be paid by the delinquent in order to reclaim the property. If the three year period lapses, the tax sale purchaser gains absolute title to the property.
Trusting this to be of sufficient information, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD/vls-0549l